# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 31, 2022

Lyle W. Cayce
Clerk

No. 20-50273
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Roberto Padilla Espinoza,

*Defendant—Appellant*.

———————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:19-CR-214-1

———————

Before Owen, *Chief Judge*, and Smith and Elrod, *Circuit Judges*.

Per Curiam:*

Roberto Padilla Espinoza pleaded guilty to conspiracy to possess with intent to distribute five grams or more of actual methamphetamine. The district court sentenced him within the advisory guidelines range to 162 months of imprisonment.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50273

The parties dispute whether the waiver of appeal provision in the plea agreement Espinoza signed should preclude us from addressing the merits of his arguments. The issue whether a waiver bars an appeal is not jurisdictional. *United States v. Story*, 439 F.3d 226, 230-31 (5th Cir. 2006). Therefore, we will pretermit this issue.

Espinoza argues that the district court procedurally erred in assessing six criminal history points under U.S.S.G. § 4A1.1(c) because a defendant can receive no more than four points under that Guideline. Because Espinoza failed to raise this argument in the district court, plain error review applies. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). The district court did not err, plainly or otherwise, in calculating the criminal history score because the district court did not assess more than four points under § 4A1.1(c). *See id.*

Finally, Espinoza argues that his sentence was substantively unreasonable because the district court sentenced him at the high end of the guidelines range based on unscored convictions. We need not decide whether our review is limited to plain error because Espinoza cannot prevail even on abuse of discretion review. *See United States v. Holguin-Hernandez*, 955 F.3d 519, 520 n.1 (5th Cir. 2020) (opinion on remand) (per curiam).

A properly calculated sentence within the guidelines range "is presumptively reasonable, and this presumption is rebutted only if the appellant demonstrates that the sentence does not account for a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing sentencing factors." *United States v. Hernandez*, 876 F.3d 161, 166 (5th Cir. 2017) (per curiam). The district court heard arguments for a sentence at the low end of the guidelines range and considered the 18 U.S.C. § 3553(a) factors. The district court was free to consider Espinoza's prior uncounted

convictions. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 805-08 (5th Cir. 2008) (per curiam); *United States v. Zuniga-Peralta*, 442 F.3d 345, 347-48 (5th Cir. 2006). Thus, the district court did not give weight to an improper or irrelevant factor. *See Hernandez*, 876 F.3d at 166. Because Espinoza has not rebutted the presumption that his within-guidelines sentence is reasonable, he has not shown that the district court abused its discretion in sentencing him to 162 months of imprisonment. *See id.* at 166-67.

The judgment of the district court is AFFIRMED.